FILED ___ ENTERED
LODGED ___ RECEIVED

MAR 01 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable James L. Robart



11-CV-00222-SUP

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-11 CONTROLLING A COMPUTER BOTNET THEREBY INJURING MICROSOFT AND ITS CUSTOMERS,<br><br>Defendants. | Case No. 2:11-cv-00222<br><br>**MICROSOFT SUPPLEMENTAL BRIEF IN SUPPORT OF APPLICATION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>**\*\*FILED UNDER SEAL\*\*** |

## I. INTRODUCTION

Microsoft submits this supplemental brief in support of its request for injunctive relief regarding the operation of the "Rustock" botnet. Attached hereto as Exhibit A is Microsoft's Second Amended Proposed TRO, Seizure Order and Order to Show Cause Regarding a Preliminary Injunction (the "Proposed Order"), which was drafted pursuant to the Court's observations and direction at the February 28, 2011 hearing. The Proposed Order has been narrowed and amended to more clearly direct the requested relief at Defendants, their acts and property – which are squarely the focus of the Proposed Order.

At the hearing, the Court requested authority that would support the Court's directing third-parties to perform acts necessary to avoid frustration of the requested relief. Under the All Writs Act, a Court's authority to enforce any of its orders extends to third-parties who are

SUPPLEMENTAL BRIEF ISO APPLICATION FOR *EX PARTE* TRO, *EX PARTE* SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

in a position to frustrate its implementation. Narrowly tailored direction to third-parties necessary to the implementation of equitable relief is authorized and appropriate under the All Writs Act. Microsoft has significantly narrowed those aspects of the Proposed Order that require third-party assistance in implementing the Proposed Order. The remaining narrowed directions to third-parties are necessary to implement the injunctive relief sought, and the Court has the authority under the All Writs Act to require the minimal third-party assistance and cooperation outlined in the Proposed Order. Accordingly, for the reasons set forth in its application for TRO and on the bases set forth below, Microsoft respectfully requests that the Court enter the Proposed Order.

## II. ARGUMENT

The All Writs Act provides that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The Supreme Court has recognized that narrow direction to third-parties that is necessary to effect the implementation of a court order is authorized by the All Writs Act:

> The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.

*United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977) (citations omitted) (order to telephone company to assist in implementation of a pen register warrant was authorized under the All Writs Act); *See also In re Application of United States for an Order Authorizing An In-Progress Trace of Wire* 616 F.2d 1122, 1129 (9th Cir. 1980) (same; noting of *New York Telephone*, "the Court made the commonsense observation that, without the participation of the telephone company, 'there is no conceivable way in which the surveillance authorized could have been successfully accomplished.'"); *In re Baldwin-United Corp.*, 770 F.2d 328, 338-339 (2d Cir. 1985) ("An important feature of the All-Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the

SUPPLEMENTAL BRIEF ISO APPLICATION FOR *EX PARTE* TRO, *EX PARTE* SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

2

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

court's ability to reach or enforce its decision in a case over which it has proper jurisdiction"; "We do not believe that Rule 65 was intended to impose such a limit on the court's authority provided by the All-Writs Act to protect its ability to render a binding judgment."); *United States v. Hall*, 472 F.2d 261, 265 (5th Cir. 1972) (upholding a contempt citation based on an injunction enjoining a non-party in a school desegregation case from causing disruption on the school campus because the "integrity of the court's power to render a binding judgment in a case over which it has jurisdiction [was] at stake"); *Dell Inc. v. BelgiumDomains, LLC*, 2007 U.S. Dist. LEXIS 98676 (S.D. Fla. Nov. 20, 2007) (All Writs Act applied in conjunction with trademark seizure under Rule 65 and Lanham Act).

Accordingly, narrowly tailored directions in the Proposed Order that are necessary to prevent third-parties from frustrating or thwarting implementation of the Court's Order are appropriate. Here, the third-party data centers and domain registries control the infrastructure hosting Defendants' malicious IP addresses and domains, and are in a position to potentially frustrate the implementation of the order. *See* Campana Decl. ¶¶ 16, 23, 24. Without their reasonable assistance, there is no way in which the relief, directed at Defendants' acts and property, can be successfully effected. *See id.* ¶¶ 42-48.

The Proposed Order seeks the reasonable assistance of the third-party data centers and domain registries in disabling Defendants' IP addresses and domains so that Defendants can no longer use them to control the Rustock botnet. These third-parties are the only entities that can effectively disable Defendants' IP addresses and domains, and their cooperation is necessary. The Proposed Order also directs the third-parties to take certain actions to ensure that the requested relief is not rendered fruitless, namely: providing reasonable access to their facilities so that the order can be executed; not publishing notice of the Court's Order until it is fully executed; and preserving and producing documents through which Defendants may be identified.

Finally, requiring the third-party data centers and domain registries to reasonably assist in the execution of this order will not offend due process. In *In re Application of United States for an Order*, the Ninth Circuit Court of Appeals raised, in dicta, the possibility

SUPPLEMENTAL BRIEF ISO APPLICATION FOR *EX PARTE* TRO, *EX PARTE* SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

3

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel +1-206-839-4300

1  that directing a non-party to assist in the execution of an order without prior notice or a
2  hearing may violate due process. 616 F.2d 1122 at 1132-33. But prior notice and a prior
3  hearing are not always required to satisfy due process. *See e.g. Mathews v. Eldridge*, 424
4  U.S. 319 (1976) (evidentiary hearing held after withholding of social security benefits
5  satisfied due process); *Goichman v. Rheuban Motors, Inc.* 682 F.2d 1320 (9th Cir. 1982)
6  (hearing held shortly after car was towed satisfied due process). Determining what
7  procedures are necessary to satisfy due process requires a flexible inquiry into, *inter alia*, the
8  nature of the existing procedures, the risk of erroneous deprivation, and the interests
9  involved. *Mathews*, 424 U.S. at 334-335. Here, requiring the third-parties to provide
10 minimal assistance in executing the order would not violate due process. The third-parties
11 are not being deprived of any tangible or significant property interest. The Proposed Order
12 requires only minimal assistance from the third-parties (likely on the order of hours), and
13 requires Microsoft to compensate the third-parties for the assistance rendered. Further, the
14 Proposed Order requires that it be implemented with the least degree of interference with the
15 normal operation of the third-parties. If, in the implementation of the Proposed Order, any
16 third-party wishes to bring an issue to the attention of the Court, Microsoft will bring it
17 immediately. Regardless, the third-parties will have an opportunity to be heard at the
18 preliminary injunction hearing, which must occur shortly after the execution of the Proposed
19 Order. Fed. R. Civ. P. 65(b)(2).
20    The directions to third-parties in the Proposed Order are thus narrow, satisfy due
21 process, and are necessary to effect the requested relief and ensure that the relief is not
22 rendered fruitless.[1]

23 **III. CONCLUSION**
24    For the reasons set forth in its application for TRO and on the bases set forth herein,
25 Microsoft respectfully requests that the Court enter the Proposed Order attached as
26 _____
27 [1] The United States Marshals have reviewed the principal provisions of the Proposed Order have not expressed concerns with them.
28

SUPPLEMENTAL BRIEF ISO APPLICATION FOR *EX PARTE* TRO, *EX PARTE* SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

4

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

Exhibit A.

Dated: March 1, 2011.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Jeffrey L. Cox
Jeffrey L. Cox (WSBA No. 37534)
jcox@orrick.com
Ranjit Narayanan (WSBA No. 40952)
rnarayanan@orrick.com

701 5th Avenue
Suite 5600
Seattle, WA  98104-7097
Telephone:  +1-206-839-4300
Facsimile:  +1-206-839-4301

Of counsel:
Gabriel M. Ramsey (*pro hac vice* application pending)
gramsey@orrick.com
Jacob M. Heath (*pro hac vice* application pending)
jheath@orrick.com

1000 Marsh Road
Menlo Park, CA 94025
Telephone:  +1-650-614-7400
Facsimile:  +1-650-614-7401

Attorneys for Plaintiff Microsoft Corp.

SUPPLEMENTAL BRIEF ISO APPLICATION FOR *EX PARTE* TRO, *EX PARTE* SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

5

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington  98104-7097
tel+1-206-839-4300

# Exhibit A

The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-11 CONTROLLING A COMPUTER BOTNET THEREBY INJURING MICROSOFT AND ITS CUSTOMERS,<br><br>Defendants. | Case No. 2:11-cv-00222<br><br>**SECOND AMENDED [PROPOSED]** *EX PARTE* **TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>**\*\*FILED UNDER SEAL\*\*** |

Plaintiff Microsoft Corporation ("Microsoft") has filed a complaint for injunctive and other relief pursuant to: (1) the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (2) the CAN-SPAM Act (15 U.S.C. § 7704); (3) the Lanham Act (15 U.S.C. §§ 1114(a)(1), 1125(a), (c)); and (4) the common law of trespass, conversion and unjust enrichment. Microsoft has moved *ex parte* for an emergency temporary restraining order and seizure order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, 15 U.S.C § 1116(d) (the Lanham Act) and 28 U.S.C. § 1651(a) (the All Writs Act), and an order to show cause why a preliminary injunction should not be granted.

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Having reviewed the papers, declarations, exhibits, and memorandum filed in support of Microsoft's Application for *Ex Parte* Temporary Restraining Order, *Ex Parte* Seizure and Order

SECOND AMENDED [PROPOSED] *EX PARTE* TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

to Show Cause Re Preliminary Injunction ("TRO Application"), the Court hereby makes the following findings of fact and conclusions of law:

1.   This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it will have jurisdiction over all parties hereto; the Complaint states a claim upon which relief may be granted against the Defendants under the Computer Fraud and Abuse Act (18 U.S.C. § 1030); CAN-SPAM Act (15 U.S.C. § 7704); the Lanham Act (15 U.S.C. §§ 1114, 1125); and the common law of trespass to chattels, conversion and unjust enrichment.

2.   Microsoft owns the registered trademarks "Microsoft," "Windows," and "Hotmail" used in connection with its services, software, and products.

3.   There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate the Computer Fraud and Abuse Act (18 U.S.C. § 1030); CAN-SPAM Act (15 U.S.C. § 7704); the Lanham Act (15 U.S.C. §§ 1114, 1125); and the common law of trespass to chattels, conversion and unjust enrichment, and that Microsoft is, therefore, likely to prevail on the merits of this action.

4.   There is good cause to believe that, unless the Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from the Defendants' ongoing violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); CAN-SPAM Act (15 U.S.C. § 7704); the Lanham Act (15 U.S.C. §§ 1114, 1125); and the common law of trespass to chattels, conversion and unjust enrichment. The evidence set forth in Microsoft's Application for an Emergency Temporary Restraining Order, Seizure Order and Order to Show Cause Re Preliminary Injunction ("TRO Motion"), and the accompanying declarations and exhibits, demonstrates that Microsoft is likely to prevail on its claim that Defendants have engaged in violations of the foregoing laws by: (1) intentionally accessing and sending malicious software to Microsoft's and its customers' protected computers and operating systems, without authorization, in order to infect those computers and make them part of the botnet; (2) sending malicious software to configure, deploy and operate a botnet; (3) sending unsolicited spam e-mail to Microsoft's Hotmail accounts; and (4) sending unsolicited spam e-mails that falsely indicate that they are from or approved by Microsoft and that promote counterfeit pharmaceuticals and other

SECOND AMENDED [PROPOSED] *EX PARTE* TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

2

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

fraudulent schemes. There is good cause to believe that if such conduct continues, irreparable harm will occur to Microsoft and the public, including Microsoft's customers. There is good cause to believe that the Defendants will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this Court.

5. There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by Defendants of the botnet command and control software that is hosted at and otherwise operates through the Internet Protocol (IP) addresses listed in Appendix A and the Internet domains at issue in Microsoft's TRO Application and from the destruction or concealment of other discoverable evidence of Defendants' misconduct available at those locations if the Defendants receive advance notice of this action. Based on the evidence cited in Microsoft's TRO Application and accompanying declarations and exhibits, Microsoft is likely to be able to prove that: (1) the Defendants are engaged in activities that directly violate U.S. law and harm Microsoft and the public, including Microsoft's customers; (2) the Defendants have continued their unlawful conduct despite the clear injury to the foregoing interests; (3) the Defendants are likely to delete or relocate the botnet command and control software at issue in Microsoft's TRO Application and the harmful, malicious, and trademark infringing software disseminated through these IP addresses and domains and to warn their associates engaged in such activities if informed of Microsoft's action. Microsoft's request for this emergency *ex parte* relief is not the result of any lack of diligence on Microsoft's part, but instead is based upon the nature of Defendants' unlawful conduct. Therefore, in accordance with Fed. R. Civ. P. 65(b) and 15 U.S.C. § 1116(d), good cause and the interests of justice require that this Order be Granted without prior notice to the Defendants, and accordingly Microsoft is relieved of the duty to provide the Defendants with prior notice of Microsoft's motion.

6. There is good cause to believe that the Defendants have engaged in illegal activity using the data centers and/or Internet hosting providers identified in Appendix A to host the command and control software and the malicious botnet code and content used to maintain and operate the botnet at computers, servers, electronic data storage devices or media at the IP

SECOND AMENDED [PROPOSED] *EX PARTE*
TEMPORARY RESTRAINING ORDER, SEIZURE ORDER
AND ORDER TO SHOW CAUSE RE PRELIMINARY
INJUNCTION

3

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

addresses identified in Appendix A.

7.      There is good cause to believe that to immediately halt the injury caused by Defendants, Defendants' IP addresses identified in Appendix A must be immediately disabled; Defendants' computing resources related to such IP addresses must be disconnected from the Internet; Defendants must be prohibited from accessing Defendants' computer resources related to such IP addresses; and to prevent the destruction of data and evidence located on those computer resources.

8.      There is good cause to believe that to immediately halt the injury caused by Defendants, and to ensure that future prosecution of this case is not rendered fruitless by attempts to delete, hide, conceal, or otherwise render inaccessible the software components that distribute unlicensed copies of Microsoft's registered trademarks and carry out other harmful conduct, with respect to Defendants' most current, active command and control IP addresses hosted at data centers operated by ECommerce, Inc.; FDCservers.net, LLC; Wholesale Internet, Inc.; Burstnet Technologies, Inc. d/b/a Network Operations Center, Inc.; and Softlayer Technologies, Inc., the United States Marshals Service in the judicial districts where the data centers are located should be directed to seize, impound and deliver into the custody of third-party escrow service Stroz Friedberg, 1925 Century Park East, Suite 1350, Los Angeles, CA 90067, all of Defendants' computers, servers, electronic data storage devices, software, data or media associated with the IP addresses listed in Appendix A.

9.      There is good cause to believe that the Defendants have engaged in illegal activity using the Internet domains identified at Appendix B to this order to host the command and control software and content used to maintain and operate the botnet. There is good cause to believe that to immediately halt the injury caused by Defendants, each of Defendants' current and prospective domains set forth in Appendix B must be immediately made inaccessible, and/or removed from the Internet zone file.

10.     There is good cause to direct that third party data centers, hosting providers and Internet registries/registrars reasonably assist in the implementation of the Order and refrain from frustrating the implementation and purposes of this Order, pursuant to 28 U.S.C. § 1651(a) (the

SECOND AMENDED [PROPOSED] *EX PARTE*
TEMPORARY RESTRAINING ORDER, SEIZURE ORDER
AND ORDER TO SHOW CAUSE RE PRELIMINARY
INJUNCTION

4

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

1  All Writs Act).

2  11.    There is good cause to believe that if Defendants are provided advance notice of Microsoft's TRO Application or this Order, they would move the botnet infrastructure, allowing them to continue their misconduct and would destroy, move, hide, conceal, or otherwise make inaccessible to the Court evidence of their misconduct, the botnet's activity, the infringing materials, the instrumentalities used to make the infringing materials, and the records evidencing the manufacture and distributing of the infringing materials.

12.    There is good cause to permit notice of the instant order, notice of the Preliminary Injunction hearing and service of the Complaint by formal and alternative means, given the exigency of the circumstances and the need for prompt relief. The following means of service are authorized by law, satisfy Due Process, satisfy Fed. R. Civ. Pro. 4(f)(3), and are reasonably calculated to notify defendants of the instant order, the Preliminary Injunction hearing and of this action: (1) personal delivery upon defendants who provided to the data centers and Internet hosting providers contact information in the U.S.; (2) personal delivery through the Hague Convention on Service Abroad or other treaties upon defendants who provided contact information outside the United States; (3) transmission by e-mail, facsimile, and mail to the contact information provided by defendants to the data centers, Internet hosting providers, and domain registrars who host the software code associated with the IP addresses in Appendix A, or through which domains in Appendix B are registered; and (4) publishing notice to the Defendants on a publicly available Internet website.

13.    There is good cause to believe that the harm to Microsoft of denying the relief requested in its TRO Application outweighs any harm to any legitimate interests of Defendants and that there is no undue burden to any third party.

## TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER

**IT IS THEREFORE ORDERED** as follows:

A.    Defendants, their representatives and persons who are in active concert or participation with them are temporarily restrained and enjoined from intentionally accessing and sending malicious software to Microsoft's and its customers' protected computers and operating

SECOND AMENDED [PROPOSED] *EX PARTE*
TEMPORARY RESTRAINING ORDER, SEIZURE ORDER
AND ORDER TO SHOW CAUSE RE PRELIMINARY
INJUNCTION
5
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

systems, without authorization, in order to infect those computers and make them part of the botnet; sending malicious software to configure, deploy and operate a botnet; sending unsolicited spam e-mail to Microsoft's Hotmail accounts; and sending unsolicited spam e-mail that falsely indicate that they are from or approved by Microsoft; or undertaking any similar activity that inflicts harm on Microsoft or the public, including Microsoft's customers.

B. Defendants, their representatives and persons who are in active concert or participation with them are temporarily restrained and enjoined from configuring, deploying, operating or otherwise participating in or facilitating the botnet described in the TRO Application, including but not limited to the command and control software hosted at and operating through the IP addresses and domains set forth herein and through any other component or element of the botnet in any location.

C. Defendants, their representatives and persons who are in active concert or participation with them are temporarily restrained and enjoined from using the trademarks "Microsoft," "Windows," "Hotmail," and/or other trademarks; trade names; service marks; or Internet Domain addresses or names; or acting in any other manner which suggests in any way that Defendants' products or services come from or are somehow sponsored or affiliated with Microsoft, and from otherwise unfairly competing with Microsoft, misappropriating that which rightfully belongs to Microsoft, or passing off their goods as Microsoft's.

D. Defendants, their representatives and persons who are in active concert or participation with them are temporarily restrained and enjoined from infringing Microsoft's registered trademarks, Registration Nos. 1200236, 2165601, 2463510 and others.

E. Defendants, their representatives and persons who are in active concert or participation with them are temporarily restrained and enjoined from using in connection with Defendants' activities any false or deceptive designation, representation or description of Defendants' or of their representatives' activities, whether by symbols, words, designs or statements, which would damage or injure Microsoft or give Defendants an unfair competitive advantage or result in deception of consumers.

F. Defendants' materials bearing infringing marks, the means of making the

SECOND AMENDED [PROPOSED] EX PARTE
TEMPORARY RESTRAINING ORDER, SEIZURE ORDER
AND ORDER TO SHOW CAUSE RE PRELIMINARY
INJUNCTION

6

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

counterfeit marks, and records documenting the manufacture, sale, or receipt of things involved in such violation, in the possession of data centers operated by ECommerce, Inc., FDCServers.net LLC, Wholesale Internet, Inc., Burstnet Technologies, Inc., and Softlayer Technologies, Inc., all pursuant to 15 U.S.C. §1116(d), shall be seized:

      1. The seizure at the foregoing data centers and hosting providers shall take place no later than seven (7) days after the date of issue of this order. The seizure may continue from day to day, for a period not to exceed three (3) days, until all items have been seized. The seizure shall be made by the United States Marshals Service. The United States Marshals Service in the judicial districts where the foregoing data centers and hosting providers are located are directed to coordinate with each other and with Microsoft and its attorneys in order to carry out this Order such that disablement and seizure of the servers is effected simultaneously, to ensure that Defendants are unable to operate the botnet during the pendency of this case. In order to facilitate such coordination, the United States Marshals in the relevant jurisdictions are set forth, as follows:

    a. Northern District of Illinois
       U.S. Marshal: Darryl K. McPherson
       219 S. Dearborn Street, Room 2444
       Chicago, IL 60604
       (312) 353-5290

    b. District of Colorado
       U.S. Marshal: John Kammerzell
       U.S. Courthouse
       901 19th St., 3rd Floor
       Denver, Co 80294
       (303) 335-3400

    c. Middle District of Pennsylvania
       U.S. Marshal: Martin J. Pane (Acting)
       Federal Building
       Washington Avenue & Linden Street, Room 231
       Scranton, PA 18501
       (570) 346-7277

    d. Western District of Missouri
       U.S. Marshal: C. Mauri Sheer
       U.S. Courthouse
       400 E. 9th St., Room 3740
       Kansas City, MO 64106
       (816) 512-2000

SECOND AMENDED [PROPOSED] *EX PARTE*
TEMPORARY RESTRAINING ORDER, SEIZURE ORDER
AND ORDER TO SHOW CAUSE RE PRELIMINARY
INJUNCTION
7
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

    e.  Eastern District of Virginia
        U.S. Marshal: John R. Hackman
        401 Courthouse Square
        Alexandria, VA 22314
        (703) 837-5500

    f.  Northern District of Texas
        U.S. Marshal: Randy Paul Ely
        Federal Building
        1100 Commerce Street, Room 16F47
        Dallas, TX 75242
        (214) 767-0836

    g.  Western District of Washington
        U.S. Marshal: Mark L. Ericks
        700 Stewart Street, Suite 9000
        Seattle, WA 98101-1271
        (206) 370-8600

    h.  Southern District of Ohio
        U.S. Marshal: Cathy Jones
        U.S. Courthouse
        85 Marconi Boulevard, Room 460
        Columbus, OH 43215
        (614) 469-5540

    2.    The United States Marshals and their deputies shall be accompanied by Microsoft's attorneys and forensic experts at the foregoing described seizure, to assist with identifying, inventorying, taking possession of and isolating Defendants' computer resources, command and control software and other software components that are seized. The United States Marshals shall seize Defendants' computers, servers, electronic data storage devices or media associated with Defendants' IP addresses at the hosting companies set forth in Paragraph F above, or a live image of Defendants' data and information on said computers, servers, electronic data storage devices or media, as reasonably determined by the U.S. Marshals Service, Microsoft's forensic experts and/or attorneys.

    3.    Stroz Friedberg, 1925 Century Park East, Suite 1350, Los Angeles, CA 90067, tel. (310) 623-3301, will act as substitute custodian of any and all properties seized pursuant to this Order and shall hold harmless the United States Marshals Service, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the defendants' property, including any third-party claims, and the United States Marshal shall be

SECOND AMENDED [PROPOSED] EX PARTE
TEMPORARY RESTRAINING ORDER, SEIZURE ORDER
AND ORDER TO SHOW CAUSE RE PRELIMINARY
INJUNCTION

8

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

1  discharged of his or her duties and responsibilities for safekeeping of the seized materials.

2      4.    The United States Marshals accomplishing such seizure are permitted to enter the premises of the data centers operated by ECommerce, Inc., FDCServers.net LLC, Wholesale Internet, Inc., Burstnet Technologies, Inc., and Softlayer Technologies, Inc., in order to serve copies of this Order, carry out the terms of this Order and to verify compliance with this Order. The United States Marshals shall employ whatever reasonable means are necessary to carry out the terms of this Order and to inspect the contents of any computers, servers, electronic data storage devices, media, room, closets, cabinets, vehicles, containers or desks or documents and to dismantle any equipment utilized by Defendants to carry out the activities prohibited by this Order.

    G.    Pursuant to the All Writs Act and to effect discovery of the true identities of the John Doe defendants, the data centers and hosting providers identified in Appendix A and the domain registries identified in Appendix B to this Order, shall:

    1.    disable Defendants' IP addresses set forth in Appendix A (including through any backup systems) so that they can no longer be accessed over the Internet, connected to, or communicated with in any way except as explicitly provided for in this order;

    2.    disable Defendants' domains set forth in Appendix B so that they can no longer be accessed over the Internet, connected to, or communicated with in any way except as explicitly provided for in this order by (1) locking the domains and removing such domains from the zone file and (2) taking all steps required to propagate the foregoing domain registry changes to domain name registrars;

    3.    transfer any content and software hosted on Defendants' IP addresses listed in Appendix A to new IP addresses not listed in Appendix A; notify Defendants and any other owners of such content or software of the new IP addresses, and direct them to contact Microsoft's Counsel, Gabriel M. Ramsey, Orrick Herrington & Sutcliffe, 1000 Marsh Road, Menlo Park, CA 90425-1015, (Tel: 650-614-7400), to facilitate any follow-on action;

    4.    preserve and produce to Microsoft documents and information sufficient to identify and contact Defendants and Defendants' representatives operating or controlling the IP

SECOND AMENDED [PROPOSED] *EX PARTE*
TEMPORARY RESTRAINING ORDER, SEIZURE ORDER
AND ORDER TO SHOW CAUSE RE PRELIMINARY
INJUNCTION

9

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

addresses set forth in Appendix A, including any and all individual or entity names, mailing addresses, e-mail addresses, facsimile numbers and telephone numbers or similar contact information, including but not limited to such contact information reflected in billing, usage and contact records;

5. provide reasonable assistance in implementing the terms of this Order and shall take no action to frustrate the implementation of this Order, including the provision of sufficient and reasonable access to offices, facilities, computer networks, computers and services, so that the United States Marshals Service, Microsoft, its attorneys and/or representatives may directly supervise and confirm the implementation of this Order against Defendants;

6. refrain from publishing or providing notice or warning of this Order to Defendants, their representatives or persons who are in active concert or participation with them, until this Order is fully executed, except as explicitly provided for in this Order.

H. Anyone interfering with the execution of this Order is subject to arrest by federal or state law enforcement officials.

**IT IS FURTHER ORDERED** that copies of this Order, notice of the Preliminary Injunction hearing and service of the Complaint may be served by any means authorized by law, including (1) by personal delivery upon defendants who provided contact information in the U.S.; (2) personal delivery through the Hague Convention on Service Abroad upon defendants who provided contact information outside the U.S.; (3) by transmission by e-mail, facsimile and mail to the contact information provided by defendants to the data centers, Internet hosting providers and domain registrars who hosted the software code associated with the IP addresses set forth at Appendix A or through which domains in Appendix B are registered; and (4) by publishing notice to Defendants on a publicly available Internet website.

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), 15 U.S.C. §1116(d)(10) and 28 U.S.C. § 1651(a) (the All Writs Act) that the Defendants shall appear before this Court within 28 days from the date of this order, to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against the Defendants, enjoining them from the conduct temporarily restrained by the preceding

SECOND AMENDED [PROPOSED] *EX PARTE* TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

10

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300

1 | provisions of this Order.

2 | **IT IS FURTHER ORDERED** that Microsoft shall post bond in the amount of $173,000
3 | as cash to be paid into the Court registry.

4 | **IT IS FURTHER ORDERED** that Microsoft shall compensate the data centers, Internet
5 | hosting providers and/or domain registries identified in Appendices A and B at prevailing rates for
6 | technical assistance rendered in implementing the Order.

7 | **IT IS FURTHER ORDERED** that this Order shall be implemented with the least degree
8 | of interference with the normal operation of the data centers and internet hosting providers and/or
9 | domain registries identified in Appendices A and B consistent with thorough and prompt
10 | implementation of this Order.

11 | **IT IS FURTHER ORDERED** that the Defendants shall file with the Court and serve on
12 | Microsoft's counsel any answering affidavits, pleadings, motions, expert reports or declarations
13 | and/or legal memoranda no later than four (4) days prior to the hearing on Microsoft's request for
14 | a preliminary injunction. Microsoft may file responsive or supplemental pleadings, materials,
15 | affidavits, or memoranda with the Court and serve the same on counsel for the Defendants no later
16 | than one (1) day prior to the preliminary injunction hearing in this matter. Provided that service
17 | shall be performed by personal or overnight delivery, facsimile or electronic mail, and documents
18 | shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Pacific
19 | Standard Time) on the appropriate dates listed in this paragraph.

20 | **IT IS SO ORDERED**

21 |

22 | Entered this ____ day of March, 2011.

   _____
   The Honorable James L. Robart
23 | United States District Judge

SECOND AMENDED [PROPOSED] EX PARTE
TEMPORARY RESTRAINING ORDER, SEIZURE ORDER
AND ORDER TO SHOW CAUSE RE PRELIMINARY
INJUNCTION

11

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, Washington 98104-7097
tel+1-206-839-4300